IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

IN RE: MATTER OF
CERTAIN PENDING ADMINISTRATIVE                    Case No. 20-MC-25-NJR
FORFEITURE PROCEEDINGS.

ORDER EXTENDING CERTAIN STATUTORY DEADLINES
FOR ADMINISTRATIVE AND CIVIL JUDICIAL
ASSET FORFEITURE PROCEEDINGS AND ACTIONS

The United States has applied, pursuant to 18 U.S.C. § 983, for an Order granting a 60-day blanket extension of the statutory deadlines by which the government is required to (1) commence administrative forfeiture proceedings against seized property; and (2) commence civil judicial forfeiture actions following submission of timely administrative claims in such proceedings. For the reasons stated below, the Court grants the government's application.

On March 13, 2020, President Trump declared a national emergency, effective as of March 1, 2020, due to the Novel Coronavirus Disease ("COVID-19") pandemic.[1] As noted in this Court's Administrative Order 261 (filed April 1, 2020), "[t]he CDC and local public health officials have advised that the best way to prevent illness is to avoid opportunities for exposure. The virus is thought to spread mainly from person-to-person, particularly between people who are in close contact with one another and through contact with contaminated surfaces."

To allow federal employees to engage in social distancing to slow the spread of the virus, on March 15, 2020, U.S. Attorney General William Barr implemented a "maximum telework" policy, which includes all DOJ law enforcement components. Similar orders were issued by the Departments of Homeland Security and Treasury. As a result, virtually all asset forfeiture

---

[1] On March 29, 2020, the President extended the period of recommended social distancing and non-essential activity through the end of April.

personnel working in the headquarters facilities of the agencies in and around Washington, D.C., are teleworking, as are the overwhelming majority of the attorneys and staff at the U.S. Attorney's Office in this district.

As explained in the government's motion and supporting declarations, the COVID-19 disease has continued to spread, and it is becoming increasingly difficult, and soon may be impossible, for the agencies to carry out their responsibilities for processing thousands of pieces of time-sensitive mail, providing timely, direct written notice to thousands of potential claimants, and making the necessary referrals to U.S. Attorney's Offices across the country.

The government agencies with administrative forfeiture authority (collectively, the "Agencies") include the Drug Enforcement Administration ("DEA"); the Bureau of Alcohol, Tobacco, Firearms & Explosives ("ATF"); Customs and Border Protection ("CBP"), which is also responsible for processing seizures by Immigration and Customs Enforcement/Homeland Security Investigations ("HSI") and U.S. Border Patrol; the U.S. Secret Service ("USSS"); Internal Revenue Service–Criminal Investigation ("IRS-CI"); and the United States Postal Service ("USPS"). On an annual basis, the Agencies initiate and process tens of thousands of administrative forfeitures. Those efforts generate massive amounts of paperwork and require regular, close physical interaction among office personnel in each Agency's headquarters office to prepare notice letters, correction letters, denial letters, the mailing envelopes for all of those letters, and the preparation of notice by publication for each targeted asset on the government's dedicated forfeiture website (www.forfeiture.gov).

In addition, Agency employees and contractors physically handle large volumes of mail from the public on a daily basis, including hand-written letters, claims, petitions for remission or mitigation, and requests for reconsideration. Although the seizing Agencies are capable of

processing claims and petitions submitted electronically, the overwhelming majority of all submissions (approximately 85%) still come through the mail. The submission of timely administrative claims requires the Agencies to refer those matters to U.S. Attorney's Offices across the country, and trigger separate deadlines relating to the filing of judicial forfeiture actions in the district courts. The government has requested a blanket 60-day extension of those 90-day filing deadlines as well.

The Court finds that the working conditions described in the government's application are inconsistent with the social distancing guidelines of the CDC and other health and public safety officials, the government's own guidelines for workplace safety, and the explicit requirements of mandatory declarations of state and local governments.

The Agencies have certified to the Court that in light of the COVID-19 pandemic, their compliance with the 60 and 90-day statutory deadlines for commencing administrative forfeiture with respect to federal and adoptive seizures, respectively, is likely to endanger the life or physical safety of the government employees and contractors responsible for carrying out the duties of the Agency administrative forfeiture programs, as described at 18 U.S.C. § 983(a)(1)(A)(i), justifying the extension of those deadlines pursuant to 18 U.S.C. § 983(a)(1)(C). Specifically, the government has demonstrated that that the ongoing national emergency triggered by the pandemic, and the resulting need for social distancing and heightened controls on physical contact with objects that may present a risk of contamination, constitute good cause for a finding that requiring the noticing of seizures and referral of claims may endanger the life or health of the government asset forfeiture attorneys and staff (at both the Agencies and the U.S. Attorney's Offices) responsible for reviewing cases, issuing notices, and processing submitted claims and petitions.

All of these factors support an order pursuant to Section 983(a)(1)(C) and (3)(A) granting the 60-day blanket extensions described in this order.

For these reasons, the undersigned, as Chief Judge of the district, finds that (1) for all federal seizures of property that occurred or will occur in the Southern District of Illinois between February 3, 2020, and April 30, 2020, the deadline established by 18 U.S.C. § 983(a)(1)(A)(i) for the seizing Agency to commence administrative forfeiture proceedings against such property is extended for a period of **60 days**; (2) for all seizures of property by state or local law enforcement agencies in the Southern District of Illinois between January 3, 2020, and April 30, 2020, which seizures are thereafter adopted by one of the Agencies, the deadline established by 18 U.S.C. § 983(a)(1)(A) (iv) for the adopting Agency to commence administrative forfeiture proceedings against such property is extended for a period of **60 days**; and (3) the 90-day deadline established at 18 U.S.C. § 983(a)(3)(A) for the filing of a civil forfeiture complaint (or inclusion of an asset in a criminal indictment) following an Agency's receipt of a timely administrative claim between February 3, 2020, and April 30, 2020, is extended to **150 days** instead of the statutory 90-day period. To the extent that any Agency executed a 30-day extension of any administrative notice deadline pursuant to 18 U.S.C. § 983(a)(1)(B) on or before March 31, 2020, the deadline for the sending of the required notice is extended for **60 days** from the current deadline.

In accordance with the provisions of 18 U.S.C. § 983(a)(1)(C), further extensions of no more than 60 days each may be granted as necessary, upon an appropriate showing.

**IT IS SO ORDERED.**
**DATED:  April 18, 2020**

_____
**NANCY J. ROSENSTENGEL**
**Chief U. S. District Judge**